On Motion to Dismiss.
The opinion of the Court was delivered by
Pochjs, J.
Plaintiffs, composing “the Branch Pilots’ Association of the Port of New Orleans,” obtained an injunction on a bond of five hundred dollars, restraining the defendant, one of their associates, from pursuing the business of piloting vessels in and out of the port of New Orleans, independently of said association of xfilots, and from violating any of his obligations as a member of said Association pending the suit filed against him, for the purpose of enforcing specific performance of his obligations as a member of the same.
On defendant’s motion, the court issued an order dissolving the injunction, under a bond of five hundred dollars, in accordance with the provisions of Art. 307 of the Code of Practice.
Whereupon plaintiffs obtained a suspensive appeal from the decree dissolving the injunction on bond, by a petition in which they allege the irreparable character of-the damages complained of in their injunction proceedings. Defendant’s motion to dismiss the appeal is predicated substantially on the ground that the interlocutory decree appealed from does not work irreparable injury and that the matter is not appealable.
The rule is now well established, that the test of the right of appeal must be found in tire consideration of the character of the damages complained of, and that for the purpose of such examination the facts *1182 alleged in the x^etition for injunction must be taken as true, and furnish the vital point of .the investigation.
Plaintiffs charge, in substance, that in wanton violation of hi,s covenant as a member of the Pilots’ Association, the defendant has wilfully and fraudulently engaged in the business of carrying on pilotage outside of the Association j appropriating to himself all fees and emoluments thus earned and received, instead of accounting therefor to the Association; by which course of conduct, in which he will persist if not enjoined, he will cause said Association “irreparable injury exceeding the sum of two thousand dollars.” It strikes us that, tested under their own allegations, the damages which may be suffered by plaintiffs through the acts of defendant can be measured in money, and are therefore not irreparable.
. By the very means of observation through which plaintiffs have detected and are able to enumerate the acts of defendant in boarding vessels and piloting them, they are afforded an efficient method of computing the damages which the defendant will cause to the Association, pending the litigation which will finally adjust the conflicting claims of all parties to the suit.
Plaintiffs’ counsel bitterly denounces the jurisprudence which has so signally misconstrued a provision of law; and thus enables an enjoined defendant, by means of an insignificant bond of five hundred dollars, to continue in the performance of his illegal acts, thus “ provisionally chartering crime and wrong.”
• In advancing these views, and in advocating a construction under which a defendant, in such an injunction, would be deprived of the right of dissolving the same on bond, counsel loses sight of the fact ■that, on furnishing an insignificant bond of five hundred dollars, these plaintiffs have suddenly, without warning, and for an indefinite time, X>aralyzed and checked the defendant from the pursuit of a calling useful to commerce and profitable to himself, in anticipation of a judgment which may deny him that right, but which may on the other hand maintain him in the pursuit of that identical business.
It has been held, that “ the power given by Art. 307 is one highly conducive to the administration of justice,” and we see no circumstances in this cause which would justify a denial of its conservative relief to the defendant in this case.
The rule which we enforce in this instance is well recognized in our jurisx>rudence, and we have had several recent occasions to consider and to re-affirm it as legal and wise.
Plaintiffs’ counsel has built all his hopes of success in maintaining his present appeal in an elaborate effort to obtain a revolution in our *1183 established jurisprudence, which he violently assails in a brief which will receive proper notice in another proceeding-.
Further consideration of the subject has led us to the conclusion that our reasoning in this opinion is staunchly supported by a formidable array of authorities, among which we quote the following cases: Jure vs. City of New Orleans, 2 An. 321 ; Stetson vs. City of New Orleans, 12 Robinson, 489 ; Cobb vs. Parham, 4 An. 147 ; Delacroix vs. Villeré, 11 An. 40; Anderson vs. Smith, 28 An. 649; State ex rel. Cummings vs. Judge, 29 An. 360; Crescent City Live Stock Company vs. Police Jury, 32 An, 1192; State ex rel. Sigur vs. Judge, 33 An. 133; Osgood vs. Black, 33 An. 493 ; State ex rel. Gravois vs. Judge, 33 An. 760 ; C. C. La. Co. vs. Butcher’s Union, 33 An. 930.
This appeal is, therefore, dismissed, at appellants’ costs.
By Bermudez, C. J.:
The brief filed by counsel, in opposition to the motion to dismiss, in the ease of Levine vs. Micliell, just decided, is in tone and substance, highly indecorous.
It is an unmitigated, contemptuous and unfounded attack upon the laws, the jurisprudence, the practice and the judicial system of the State.
It assails and denounces, in most unacceptable terms, the application which the highest court of the State has successively, for a long series of years, made of those laws under the jurisprudence and that practice, notably in the case of Osgood, 33 An. 498, with which this attorney was connected.
The disrespectful form and mode in which the attack was made, and in which our own ruling, in two cases, was criticised, (33 An. 498 and 133) are clearly and justly offensive to the Court.
The respect which we owe to the judicial power which we represent forbids that we should tolerate such conduct.
We might, in the exercise of our inherent powers, apply the law with rigor, but we will not do so.
Counsel having violated the known rules of decorum by which, everywhere, the intercourse bettveen bench and bar has invariably been guided, his brief cannot be permitted to remain of record.
It is, therefore, ordered, that the clerk of this Court do expunge from the files of the case the brief in question, submitted by it's author, J. B. Beckwith, Esq.